HOUSTON & T. C. RY. CO. v. MEADORS.
(No. 1326.)

(Court of Civil Appeals of Texas. Texarkana. May 21, 1914. Rehearing Denied May 28, 1914.)

1. APPEAL AND ERROR (§ 1040*) — REVIEW — PREJUDICE—RULINGS ON PLEADINGS.

Refusal to sustain a special exception to a portion of plaintiff's original petition seeking damages for expenses incurred in undertaking to sell horses, injured in transportation, at other places after their arrival at destination, was harmless, where the verdict showed that the jury did not include any of such items therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

2. APPEAL AND ERROR (§ 742*)—INSTRUCTIONS —REFUSAL TO CHARGE—REVIEW—RECORD.

Refusal to submit a particular defense could not be held erroneous on appeal, where there was no statement from the record, following defendant's assignment of error, indicating that there was any testimony to support such defense.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. CARRIERS (§ 230*) — TRANSPORTATION OF ANIMALS—DELAY—DISEASE—INSTRUCTIONS.

Where there was evidence of unreasonable delay in defendant's transportation of plaintiff's horses, and that such delay tended to cause the horses to contract "shipper's cold," a request to charge that the verdict should be for defendant, if the horses were damaged by "shipper's cold," without reference to the cause producing the disease, was properly refused.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

Appeal from Tarrant County Court; Charles T. Prewett, Judge.

Action by S. T. Meadors against the Houston & Texas Central Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

C. M. Templeton and Theodore Mack, both of Ft. Worth, for appellant. Jas. C. Scott, of Ft. Worth, for appellee.

HODGES, J. The appellee filed this suit to recover damages amounting to $915.25, for injuries to a shipment of horses from Ft. Worth to New Iberia, La. The original petition charges negligence in the handling of the stock and in unreasonably delaying the shipment. It is claimed that by reason of the delay the stock were caused to contract shipper's cold, from which three of them died and others were damaged. It is also alleged that by reason of the damaged condition and the unfavorable appearance of the stock on arrival at their destination, the owner was unable to sell them at that place, and was compelled to carry them to other markets in the vicinity of New Iberia in order to dispose of them. He included in the damages claimed those expenses, as well as the depreciation in the market value of the stock. The jury returned the following verdict:

"We, the jury, find for the plaintiff for the death of three horses $355, injury to one horse $115, total $470, with interest at 6 per cent. from August 12, 1912."

[1] The first assignment of error complains of the refusal of the court to sustain a special exception to that portion of the plaintiff's original petition seeking damages for the expense incurred in undertaking to sell the horses at other places after their arrival at destination. The verdict rendered, showing that the jury did not include any of those items in the verdict, renders that ruling harmless.

[2] It is also claimed that the court erred to the prejudice of the defendant in not submitting to the jury in the general charge the defense pleaded by the defendant. It is true the charge of the court did not present any of the defenses set up in the answer. Three special charges, however, presenting those defenses were given. There is no statement from the record following this assignment which indicates that there was any testimony tending to support the defenses omitted. For aught that appears to the contrary, there was none. The court is not required to present a defense pleaded, but which is not sustained by the evidence.

[3] Appellant also requested a charge instructing the jury to find for the defendant if they believed the horses were damaged by contracting distemper or shipper's cold. The testimony showed that the car in which the horses were shipped left Ft. Worth on the night of Monday, February 19, 1912, and did not reach Houston until in the afternoon of the following Thursday. There was evi-

dence introduced tending to show that this was an unreasonable delay. It was also proven that such delay, involving the standing of the car upon the track for a considerable length of time, had a tendency to cause the horses to contract the disease known as "shipper's cold." That being true, it was not proper for the court to instruct a verdict for the defendant if the stock were damaged by shipper's cold, without reference to the causes which produced that disease. If this malady resulted from the negligent delay of the stock, the appellant was liable for the resultant injury.

The remaining assignments of error are overruled, and the judgment is affirmed.